810 So.2d 1279 (2002)
NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA
v.
Burt HARRINGTON, et al.
Mary Electra LeBlanc
v.
Chrysler Corporation, et al.
No. M02-192.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
*1280 Tracy Peter Curtis, Perret, Doise, APLC, Lafayette, LA, for Defendant/Appellant.
William Francis Bologna, Habans, Bologna & Carriere, New Orleans, LA, John S. Thibaut, Jr., Attorney at Law, Baton Rouge, LA, for Defendant/Appellee.
Stephen Edward Broyles, Glusman, Moore, et al., Baton Rouge, LA, Marie Candace Hattan, Roy & Hattan, Lafayette, LA, for Defendant/Appellant.
George Edward Williams, Jr., Preis, Kraft, & Roy, J. Minos Simon, Attorney at Law, Chris Paul Villemarette, J. Minos Simon, Ltd., Lafayette, LA, for Plaintiff/Appellant.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges.
DECUIR, Judge.
Plaintiff/appellee, Mary Electra LeBlanc, seeks to dismiss the suspensive appeal filed by the defendants-appellants, Progressive Security Insurance Company and Burt Harrington, on the ground that the suspensive appeal bond was filed untimely.
The plaintiff, Mary Electra LeBlanc, filed suit against several defendants, including Progressive Security Insurance Company and Burt Harrington. Trial on the merits occurred on May 14, 2001. The jury returned the verdict finding Burt Harrington negligent in his actions concerning the fire of November 3, 1996, and that such negligence was the legal cause of the damage to Mary Electra LeBlanc. The jury found that the plaintiff suffered general damages in the amount of $125,000 and special damages in the amount of $161,500. The trial court rendered judgment on July 2, 2001 in favor of the plaintiff against Burt Harrington and Progressive Security Insurance Company in the amount of $150,000 together with legal interest from the date of judicial demand until paid. The Notice of Judgment was mailed on July 6, 2001.
The defendants filed multiple motions for judgment notwithstanding the verdict and for new trial. The trial court denied Progressive Security Insurance Company's and Burt Harrington's motions for judgment *1281 notwithstanding the verdict and for new trial on October 16, 2001. On October 19, 2001, Notice of Judgment was mailed to all parties, including the counsel for the defendants who participated at the hearing on the JNOV and Motion for New Trial. On October 26, 2001, the defendants, Progressive Security Insurance Company and Burt Harrington, filed a motion for suspensive appeal which was signed by the trial court on November 5, 2001. The suspensive appeal bond was not filed with the clerk's office until December 5, 2001.
The plaintiff filed with this court a motion to dismiss the appeal on the grounds that the suspensive appeal bond was filed untimely. We agree, and hereby dismiss the suspensive appeal and convert the appeal into a devolutive appeal.
La.Code Civ.P. article 2123 provides that a suspensive appeal may be taken and the security furnished within thirty days from the date of the mailing of the notice of the court's refusal to grant a timely application for new trial or judgment notwithstanding the verdict as provided under La.Code Civ.P. article 1914.
Pursuant to these articles it is clear that the defendants, Progressive Security Insurance company and Burt Harrington, failed to timely post their suspensive appeal bond within the thirty days allowed by La.Code Civ.P. article 2123. Appellants responded to the motion to dismiss arguing that notice was not served on counsel of record and that the trial court failed to rule on Progressive Security Insurance Company's motion. We reject both arguments. Notice of Judgment was served on the counsel for defendants who participated at the October 8, 2001 hearing on the JNOV and Motion for New Trial. Service on co-counsel in the same firm who participated at the hearing on the JNOV is sufficient service pursuant to Code of Civ. Proc. art. 1913.
Secondly, the appellants argue that the trial court denied Progressive Insurance Company's motions for JNOV and Motion for New Trial and not the motions of Progressive Security Insurance Company. It is clear from the supporting documents this was merely a typographical error, and there were never motions filed by "Progressive Insurance Company". The motions filed by Progressive Security Insurance Company were denied by the trial court on October 16, 2001. For these reasons, the motion to dismiss the suspensive appeal is hereby granted and the appeal is hereby converted to a devolutive appeal.
SUSPENSIVE APPEAL DISMISSED; APPEAL CONVERTED TO A DEVOLUTIVE APPEAL.