STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

RANDALL MARKS
VERSUS
84 LUMBER COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 04  NO. 96-5771
HONORABLE SHARON MORROW, PRESIDING

**BILLY H. EZELL**
**JUDGE**

**********

Court composed of Glenn B. Gremillion, Billy H. Ezell, and J. David Painter, Judges.

SUSPENSIVE APPEAL DISMISSED; APPEAL CONVERTED TO
DEVOLUTIVE APPEAL.

Lawrence B. Frieman
3320 West Esplanade Avenue North
Metairie, LA 70002
(504) 831-7270
COUNSEL FOR DEFENDANT/APPELLEE:
	84 Lumber Company

Michael E. Holloway
1800 W. Causeway Approach, Suite 115
Mandeville, LA 70471
(985) 626-3141

Hugh Exnicios
247 Exnicios Drive
Folsom, La 70437
COUNSEL FOR PLAINTIFF/APPELLANT:
	Randall Marks

**EZELL, Judge.**

Defendant-appellee, 84 Lumber Company, moves to dismiss the suspensive appeal filed by plaintiff-appellant, Randall Marks, on the ground that the Appellant failed to file a suspensive appeal bond. For the reasons discussed below, we grant the motion.

This case arises out of a workers' compensation claim. Defendant-Appellant, Randall Marks, appealed from the judgment of the Office of Workers' Compensation which modified the judgment on disability status and dismissed appellant's claim for penalties and attorney fees without prejudice. The trial court signed the judgment and issued reasons for judgment on September 13, 2005. On the same day, the trial court signed a notice of judgment, and a certificate of mailing the relevant judgment was executed on September 20, 2005.

Following the judgment, Appellant moved for a suspensive appeal of the trial court's ruling on November 7, 2005. Although the deadline for filing a suspensive appeal was October 31, 2005, the motion for appeal suspensive appeal was not untimely due to the Governor's Order following the natural disasters. La.Code Civ.P. art. 2123. Accordingly, the trial court granted Appellant's motion for suspensive appeal, and the trial court set a return date "within the delays provided by law." Additionally, the trial court fixed an appeal bond in the amount of $22,000. On December 22, 2005, the trial court generated a notice of return date, which set February 6, 2006, as the return date. The notice of return date indicated that costs had been paid *in forma pauperis*. On February 3, 2006, the trial court granted Appellant's motion for an extension, which extended the return date to March 6, 2006. Thereafter,

this court received the record of the proceedings in the trial court, and the record was lodged on March 13, 2006.

On March 22, 2006, Appellee filed a motion to convert the instant appeal from a suspensive appeal to a devolutive appeal based on Appellant's failure to post a suspensive appeal bond. As a general rule, a motion to dismiss a suspensive appeal for failure to post a suspensive appeal bond timely is itself untimely unless filed no later than three days from the later of the lodging of the record in the appellate court or the return date. La.Code Civ.P. art. 2161; *Baton Rouge Bank & Trust Co. v. Coleman*, 582 So.2d 191 (La.1991). The appeal in this case was lodged in this court on March 13, 2006, and the return date was March 6, 2006. The motion *sub judice* was not filed until March 22, 2006. Consequently, appellee's motion was untimely under the general rule.

However, the jurisprudence has not been as definite on the application of the three day rule of La.Code Civ.P. art. 2161 when the Appellant has failed to post any suspensive appeal bond. Thus, the court in *Clement v. Graves*, 04-1831, p. 5 (La.App. 1 Cir. 9/28/05), ___ So.2d _____, in dismissing the suspensive appeal while maintaining the appeal as devolutive, offered the following reasoning:

> Additionally, the jurisprudence holds that an appellant's tardiness in furnishing security merely constitutes an irregularity or defect which, if imputable to the appellant, may form the basis for the appellee to move for the dismissal of the suspensive appeal under LSA-C.C.P. art. 2161. *Blue, Williams & Buckley* [*v. Brian Investments, Ltd.*], 96-1451 [(La. 11/21/97)] at p. 5, 706 So.2d [999] at 1002. Accordingly, a motion to dismiss a suspensive appeal must be filed within three days, exclusive of holidays, of the return day or the date on which the record is lodged in the appellate court, whichever is later. LSA-C.C.P. art. 2161; *Schenker* [*v. Watkins*], 521 So.2d [686] at 687. In the instant case, we recognize there may be a question as to the timeliness of plaintiff's motion to dismiss suspensive appeal. However, in *Schenker*, the motion to dismiss suspensive appeal

2

was not timely filed, but this court nonetheless granted the motion because, as in the instant case, no appeal bond had ever been filed. Noting that all the parties agreed that a suspensive appeal bond had not been filed and could not be obtained, this court concluded it would be a vain and useless act to refuse to dismiss the suspensive appeal. *Schenker*, 521 So.2d at 687,688. This same logic applies herein. Accordingly, while we grant the motion to dismiss the suspensive appeal, we deny plaintiff's request for attorney's fees pursuant to LSA-C.C.P. art. 2164. Further, we maintain the appeal as a devolutive appeal.

In the case *sub judice*, the record was lodged with this court on March 13, 2006, which was months after the deadline for furnishing a suspensive appeal bond, even taking into account the orders issued by the Governor extending deadlines due to hurricanes. Nevertheless, the record does not contain a suspensive appeal bond from plaintiff-appellant, Randall Marks. Appellee, 84 Lumber Company, filed a motion to convert suspensive appeal to a devolutive appeal for failure to post a bond, and Appellant has not filed a response to this motion in this court.

As the delay for posting a bond for suspensive appeal has expired and the record reflects that plaintiff-appellant, Randall Marks, has failed to post a suspensive appeal bond, the motion to convert suspensive appeal to a devolutive appeal is granted. *Willett v. Premier Bank Nation Ass'n*, 97-187 (La.App. 3 Cir. 3/24/97), 693 So.2d 2. The suspensive appeal filed by Randall Marks is dismissed, and the appeal is maintained as a devolutive appeal.

**SUSPENSIVE APPEAL DISMISSED; APPEAL CONVERTED TO A DEVOLUTIVE APPEAL.**