NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-987

THEODORE VENISSAT, ET AL.
VERSUS
ST. PAUL FIRE & MARINE INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-5880
HONORABLE RICK BRYANT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Chief Judge Ulysses Gene Thibodeaux, Elizabeth A. Pickett, and J. David Painter, Judges.

SUSPENSIVE APPEAL DISMISSED;
APPEAL CONVERTED TO A DEVOLUTIVE APPEAL.

Thomas Gayle
Ranier, Gayle & Elliot
Post Office Box 1890
Lake Charles, LA 70602-1890
(337) 494-7171
Counsel for Plaintiffs/Appellees:
    Theodore and Vera Venissat

Todd Ammons
Stockwell, Sievert, Viccellio, Clements & Shaddock
Post Office Box 2900
Lake Charles, LA 70602
(337) 436-9491
Counsel for Defendants/Appellants:
    Charles Ferguson
    Calcasieu Parish Sheriff's Department
    St. Paul Fire & Marine Insurance Company

**Robert McCorquodale**
**1011 Lakeshore Drive, Suite 305**
**Lake Charles, LA 70601**
**(337) 491-3622**
**Counsel for Defendants/Appellants:**
    **Charles Ferguson**
    **Calcasieu Parish Sheriff's Department**

**PAINTER, Judge.**

The plaintiffs, Theodore Venissat and Vera Venissat, move to dismiss the suspensive appeal of the defendant, St. Paul Fire & Marine Insurance Company, based on the failure of St. Paul to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion.

This case arose out of an automobile accident wherein the defendant, Charles Ferguson, was working as a sheriff's deputy when his vehicle struck the plaintiffs' vehicle. The Calcasieu Parish Sheriff's Department and its insurer, St. Paul Fire & Marine Insurance Company, were also made defendants. On May 8, 2006, the trial court signed a final judgment in accordance with the verdict of the jury in this case finding liability on the part of the defendants and awarding damages to the plaintiffs. Notice of the signing of the judgment was mailed by the clerk's office on May 8, 2006. On May 24, 2006, the plaintiffs filed a motion for devolutive appeal, and the trial court signed the order granting the appeal on May 30, 2006.

On June 16, 2006, all three defendants filed a motion for a suspensive appeal. The order signed by the trial court granting the suspensive appeal stated that no bond was being required for the suspensive appeal based on La.R.S. 13:4581.

The record in this appeal was lodged in this court on August 4, 2006. The instant Motion to Dismiss Suspensive Appeal was filed in this court on August 8, 2006.

In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. However, in granting the defendants'

1

suspensive appeal without bond the trial court relied on the exception found in La.R.S. 13:4581, providing that sheriffs' departments and their officers shall not be required to furnish any appeal bond in any actions that arise from activities within the course and scope of their duties and employment. The trial court correctly granted the suspensive appeal without bond as to the defendants, deputy Charles Ferguson and the Calcasieu Parish Sheriff's Department. However, the trial court erred in so ruling as to St. Paul, a private insurance company, that is not excepted from furnishing an appeal bond pursuant to La.R.S. 13:4581. Relying on the trial court's ruling, St. Paul failed to timely post a suspensive appeal bond.

The defendants argue in their brief that the plaintiffs did not first challenge the sufficiency of the security as required by law. Louisiana Code of Civil Procedure Article 5123 provides that a party wishing to test the sufficiency or validity of a bond shall rule the party into the trial court. This article does not apply to the instant case as no bond was set by the trial court. Therefore, the procedures to test the sufficiency of a bond are not required. *Franco v. Franco*, 04-967 (La.App. 4 Cir. 7/28/04), 881 So.2d 131.

We find St. Paul cannot rely on the trial court's failure to set a suspensive appeal bond as the basis for arguing that it did not have to post a bond in order to perfect its suspensive appeal. St. Paul's suspensive appeal was not perfected within the delays set forth in La.Code Civ.P. art. 2123 because although the notice for appeal was timely filed, a bond was not filed. Moreover, we find it is too late for St. Paul to timely post a suspensive appeal bond. *See National Union Fire v. Harrington*, 02-192 (La.App. 3 Cir. 3/6/02), 810 So.2d 1279, and *White v. Rogers*, 04-1434 (La.App. 5 Cir. 4/26/05), 905

2

So.2d 1088. Accordingly, we hereby grant the instant motion to dismiss the suspensive appeal, and further convert the appeal by St. Paul to a devolutive appeal.

**<u>SUSPENSIVE APPEAL DISMISSED; APPEAL CONVERTED TO A DEVOLUTIVE APPEAL</u>.**