NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-277

DEANNE HENKE

VERSUS

ANTHONY J. FONTANA, JR.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C200116092
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

SUSPENSIVE APPEAL DISMISSED.
APPEAL MAINTAINED AS DEVOLUTIVE.

Jeffery Paul Robert
Attorney at Law
8545 United Plaza Blvd., #350
Baton Rouge, LA 70809
(225) 924-9585
COUNSEL FOR DEFENDANTS-APPELLEES:
    St. Paul Fire and Marine Insurance Company
    Velocity Express Southwest, Inc.

**Thomas Reginald Hightower, Jr.**
**Patrick Wade Kee**
**Michael Scott Harper**
**Attorneys at Law**
**Post Office Drawer 51288**
**Lafayette, LA 70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
**Lisa S. Courville**
**Shelter Mutual Insurance Company**

**Patrick Michael Amedee**
**Attorney at Law**
**Post Office Box 1092**
**Thibodeaux, LA 70302-1092**
**(985) 446-4811**
**COUNSEL FOR INTERVENOR-APPELLEE:**
**Delise, Amedee & Hall**

**Bobby Joseph Delise**
**Delise & Hall**
**7924 Maple Street**
**New Orleans, LA 70118**
**(504) 836-8000**
**COUNSEL FOR INTERVENOR-APPELLEE:**
**Delise, Amedee & Hall**

**Alton Jerold Hall, Jr.**
**Delise & Hall**
**516 W. 21st Ave.**
**Covington, LA 70433**
**(985) 249-5915**
**COUNSEL FOR INTERVENOR-APPELLEE:**
**Delise, Amedee & Hall**

**Anthony Jerome Fontana, Jr.**
**Attorney at Law**
**210 North Washington Street**
**Abbeville, LA 70510**
**(337) 898-8332**
**COUNSEL FOR INTERVENOR-APPELLEE:**
**Anthony Jerome Fontana, Jr.**

**Deanne Henke**
**107 Pericles Street**
**Lafayette, LA 70506**
**IN PROPER PERSON-APPELLANT:**
**Deanne Henke**

PETERS, J.

The defendant-appellee, Anthony J. Fontana, Jr., moves to convert the suspensive appeal of the plaintiff-appellant, Deanne Henke, to a devolutive appeal based on the failure of the plaintiff to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion, dismiss the suspensive appeal, and maintain the appeal as devolutive.

On November 23, 2009, the trial court entered a final written judgment on attorneys' fees. Notice of the signing of judgment was sent on November 25, 2009. The plaintiff filed a notice of suspensive appeal on December 30, 2009, and the trial court signed an order granting the appeal on the same date. The plaintiff's bond was set in the amount of $1,000.00. The appeal was lodged with this court on March 4, 2010. The defendant filed a motion to declare the appeal devolutive on March 24, 2010.[1]

In order to perfect a suspensive appeal, an appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. This article states, in pertinent part:

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

---

[1] We note that this court has considered a motion to dismiss suspensive appeal even though it was filed more than three days from the date of lodging of the appeal. *See Marks v. 84 Lumber Co.*, 06-358 (La.App. 3 Cir. 4/5/06), 925 So.2d 1267.

1

Louisiana Code of Civil Procedure Article 2123 clearly sets forth that the suspensive appeal bond must be filed within the applicable thirty-day time period. Here, suspensive appeal delays ran in January 2010. The appeal record indicates that the plaintiff has not filed her suspensive appeal bond. Although a suspensive appeal may be dismissed for failure to timely file the bond, the appeal should be maintained as devolutive. *Strother v. Continental Cas. Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. Accordingly, we dismiss the suspensive appeal and maintain the appeal as devolutive.

**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

This opinion is NOT DESIGNATED FOR PUBLICATION**.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.