MOTION TO DISMISS
STOKER, Judge.
Plaintiff-appellee, Gail 0. Whitehead, moves to dismiss the appeal of defendant-appellant, Fireman’s Fund Insurance Company, alleging that the appeal was taken untimely.
Appellee asserts that the time limits for filing a motion for an appeal expired before appellant filed its appeal. The appeal is from the trial court’s granting of summary judgment in appellee’s favor. This judgment was rendered in open court on October 5, 1987, but was not signed until October 9, 1987.
When no motion for a new trial is made with the trial court, the delays for taking a suspensive or devolutive appeal begin running at the expiration of the delay for applying for a new trial. La.Code Civ. Proc. Arts. 2087 and 2123. A party is given seven days, exclusive of legal holidays, to apply for a new trial following the signing of the judgment or the sending of the notice of rendition of the judgment if such notice is required. La.Code Civ.Proc. Art. 1974. The clerk of court must send notice of judgment when a party has requested such notice and when the judgment has not been taken under advisement nor has been signed in open court.
In the case sub judice, appellee asserts that appellant failed to request the notice of judgment. To the contrary, the record reveals that appellant had filed a Request for Notice of Assignment and Written Notice of Any Order or Judgment Made or Rendered. Thus, the time limits for taking an appeal did not begin running until the clerk sent notice of judgment.
The certificate of the clerk which was filed in the record gives November 18, 1987, as the date notice was mailed. Therefore, appellant had until December 1, 1987, to apply for a new trial. Since no motion for new trial was made, the appellant had until January 4, 1988, to apply for a suspensive appeal and until February 1, 1988, to apply for a devolutive appeal. Appellant filed its motion for appeal on December 10,1987, which motion was granted by an order signed by the trial court on January 4, 1988. Thus, the motion and order for appeal were timely in this case.
However, C.C.P. Art. 2123 requires that not only the suspensive appeal he taken within the thirty day time limit but also that the security be furnished during this thirty day time period. In this case, appellant’s appeal bond was not furnished until January 25, 1988. In Aucoin v. Williams, 291 So.2d 504 (La.App.3rd Cir.1974), this court stated, “Where the appeal bond is not filed within the delay allowed for a suspen-sive appeal, but is filed within the delay for a devolutive appeal, the appeal will be sus *1326 tained as a devolutive appeal.” Therefore, in the instant case, appellant’s suspensive appeal is dismissed, and the appeal is sustained as devolutive.
MOTION DENIED IN PART AND GRANTED IN PART: SUSPENSIVE APPEAL DISMISSED AND APPEAL ENTERTAINED AS DEVOLUTIVE.