544 So.2d 55 (1989)
Ashton J. LANDRY, Plaintiff-Appellant,
v.
Jo Ann Carter HORNSBY, Individually and the Succession of Lucius Hornsby, Jr., Defendants-Appellees.
No. 89-20.
Court of Appeal of Louisiana, Third Circuit.
May 12, 1989.
Ashy & Olivier, L.H. Olivier, Landry & Shea, John R. Shea, Lafayette, for plaintiffappellant.
Marcantel, Marcantel & Wall, David E. Marcantel, Jennings, for defendants-appellees.
Before STOKER, DOUCET and YELVERTON, J J.
YELVERTON, Judge.

MOTION TO DISMISS
Defendants-appellees, Jo Ann Carter Hornsby and the Succession of Lucius A. Hornsby, Jr., move to dismiss the suspensive appeal of plaintiff-appellant, Ashton J. Landry, on the ground that appellant has failed to timely file a new or supplemental appeal bond as ordered by the trial court.
The judgment sought to be appealed in the instant case was signed by the trial court on September 28, 1988. An order *56 granting appellant a suspensive appeal was signed on October 25, 1988, and the appeal bond was set at $500. On November 17, 1988, appellee, Jo Ann Carter Hornsby, filed a rule in the trial court seeking to have the appeal bond held to be inadequate in accordance with La.C.C.P. art. 5123.
The record in this suit became lodged in this court on January 9, 1989. The hearing on the sufficiency of the appeal bond was finally held in the trial court on April 10, 1989. The court minutes for this date indicate that the trial judge orally ruled in open court that the appeal bond should be increased from $500 to $50,000.
Appellees filed their Motion to Dismiss in this court on April 19, 1989. In this motion appellees contend that the delay has run for appellant to file a new or supplemental bond. Therefore, appellees pray that appellant's suspensive appeal be dismissed.
The judgment raising the amount of the appeal bond was rendered on April 10, 1989. La.C.C.P. art. 5124 requires the filing of a new or supplemental bond in conformity with the judgment raising the amount of the bond within four days, exclusive of legal holidays, of the judgment. Therefore, the delay for filing the supplemental bond ran on April 14, 1989.
Among the documents included in appellees' memorandum in support of this motion to dismiss is an affidavit, executed by a Deputy Clerk of Court for the Fifteenth Judicial District Court on April 17, 1989, stating that no new or supplemental suspensive appeal bond in the instant suit had been filed by appellant nor on behalf of appellant since April 10, 1989. Thus, as pointed out by appellees, the record indicates that appellant has failed to timely file his supplemental bond. Therefore, the suspensive appeal is hereby dismissed.
Failure to timely file a suspensive appeal bond results in the suspensive appeal being dismissed. Whitehead v. Fireman's Fund Insurance Co., 520 So.2d 1324 (La.App. 3rd Cir.1988). However, La. C.C.P. art. 2124 provides in part that, "No security is required for a devolutive appeal." Thus, even though appellant's suspensive appeal is dismissed, the appeal is sustained as devolutive. See Whitehead, supra.
We accordingly dismiss the suspensive appeal and entertain the appeal as devolutive.
MOTION DENIED IN PART AND GRANTED IN PART.