# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1094


**BLAINE STROTHER, ET AL.**
**VERSUS**
**CONTINENTAL CASUALTY COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2002-004
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

**Andre F. Toce**
**Attorney at Law**
**Post Office Box 2716**
**Lafayette, LA 70502-2716**
**(337)233-6818**
**COUNSEL FOR PLAINTIFFS:**
**Blaine Strother**
**Connie Strother**

**Bruce David Beach**
**Ungarino & Eckert, LLC**
**315 S. College Rd., Suite 239**
**Lafayette, LA 70503**
**(337)235-5656**
**COUNSEL FOR DEFENDANTS:**
**Continental Casualty Insurance Co.**

**Southern Food Groups, Inc.**
**Foremost Dairies, Inc.**
**Freddie Lynn Fair**

**Aaron J. Allen**
**Attorney at Law**
**Post Office Box 3204**
**Lafayette, LA 70502**
**(337)232-9918**
**COUNSEL FOR PLAINTIFFS:**
**Blaine Strother**
**Connie Strother**

**COOKS**, Judge.

The plaintiff-appellee, Blaine Strother, moves to dismiss the suspensive appeal of the defendants-appellants, Continental Casualty Insurance Company, Southern Foods Group, L.P. d/b/a Foremost Dairy, Dean Foods Product Company, and Freddie Lynn Fair (the defendants), based on the defendants' failure to file a suspensive appeal bond. For the reasons discussed below, we grant the plaintiffs' motion to dismiss and dismiss the suspensive appeal, but maintain the appeal as devolutive.

In an earlier ruling from this court in this appeal, this court dismissed the appeal which had been taken by the plaintiffs from a null judgment rendered subsequent to the final judgment. However, this court recognized in that opinion that, on the record, an appeal by the defendants was still viable. The plaintiff, Blaine Strother, now moves to dismiss this appeal arguing that the defendants have failed to post a suspensive appeal bond.

As accurately argued by the defendants in their opposition brief submitted to this court in response to the instant motion, as a general rule, a motion to dismiss a suspensive appeal for failure to post a suspensive appeal bond timely is itself untimely unless filed no later than three days from the later of the lodging of the record in the appellate court or the return date. La.Code Civ.P. art. 2161; *Baton Rouge Bank & Trust Co. v. Coleman*, 582 So.2d 191 (La.1991). The appeal in this case was lodged in this court on August 18, 2005. The motion *sub judice* was not filed until December 1, 2005.

However, the jurisprudence has not been as definite on the application of the three day rule of Article 2161 when the appellant has failed to post any suspensive appeal bond. Thus, the court in *Clement v. Graves*, 04-1831, p. 5 (La.App. 1 Cir. 9/28/05), ___ So.2d ___, in dismissing the suspensive appeal

1

while maintaining the appeal as devolutive, offered the following reasoning:

> Additionally, the jurisprudence holds that an appellant's tardiness in furnishing security merely constitutes an irregularity or defect which, if imputable to the appellant, may form the basis for the appellee to move for the dismissal of the suspensive appeal under LSA-C.C.P. art. 2161. *Blue, Williams & Buckley* [*v. Brian Investments, Ltd.*], 96-1451 [(La. 11/21/97)] at p. 5, 706 So.2d [999] at 1002. Accordingly, a motion to dismiss a suspensive appeal must be filed within three days, exclusive of holidays, of the return day or the date on which the record is lodged in the appellate court, whichever is later. LSA-C.C.P. art. 2161; *Schenker* [*v. Watkins*], 521 So.2d [686] at 687. In the instant case, we recognize there may be a question as to the timeliness of plaintiff's motion to dismiss suspensive appeal. However, in *Schenker*, the motion to dismiss suspensive appeal was not timely filed, but this court nonetheless granted the motion because, as in the instant case, no appeal bond had ever been filed. Noting that all the parties agreed that a suspensive appeal bond had not been filed and could not be obtained, this court concluded it would be a vain and useless act to refuse to dismiss the suspensive appeal. *Schenker*, 521 So.2d at 687,688. This same logic applies herein. Accordingly, while we grant the motion to dismiss the suspensive appeal, we deny plaintiff's request for attorney's fees pursuant to LSA-C.C.P. art. 2164. Further, we maintain the appeal as a devolutive appeal.

In the case *sub judice*, the defendants filed a brief in opposition to the plaintiff's motion to dismiss their appeal. Unlike the facts present in *Clement* and the *Schenker* case on which it relies, the record does not reflect that the defendants cannot post the suspensive appeal bond. In the brief filed by the defendants in the instant case, though, the defendants do not contend that they have filed or have attempted to file a suspensive appeal bond. Instead, the extent of their argument is that the plaintiff's motion was filed untimely pursuant to La.Code Civ.P. art. 2161.

We find that when the appellant has not filed any bond, a motion to dismiss the suspensive appeal is not untimely if filed beyond the three day time period set forth in Article 2161. Therefore, we find that the suspensive appeal must be dismissed. However, we agree with the defendants that although the

2

suspensive appeal should be dismissed, the appeal should be maintained as devolutive. *See Landry v. Hornsby*, 544 So.2d 55 (La.App. 3 Cir. 1989). Accordingly, we dismiss the suspensive appeal and maintain the appeal as devolutive.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED. SUSPENSIVE APPEAL DISMISSED. APPEAL MAINTAINED AS DEVOLUTIVE.**