NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1307

LAURA LEONARD LEBLANC
VERSUS
MITCHELL BRETT LEBLANC

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 98-2178
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********
SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and James T. Genovese, Judges.

MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED. SUSPENSIVE APPEAL DISMISSED. APPEAL MAINTAINED AS DEVOLUTIVE.

Julie Vaughn Felder
Julie Koren Vaughn Felder, A.P.L.C.
101 Fue Follet, Suite 101
Post Office Box 80399
Lafayette, LA 70598
(337) 865-3444
COUNSEL FOR DEFENDANT/APPELLEE:
    Mitchell Brett LeBlanc

**Samuel David Abraham**
**120 East Third Street**
**Post Office Drawer 2309**
**Lafayette, LA 70502**
**(337) 234-4523**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Laura Leonard Ritchey (formerly Laura Leonard LeBlanc)**

COOKS, Judge.

The defendant, Mitchell LeBlanc, moves to dismiss the suspensive appeal of the plaintiff, Laura Leonard LeBlanc, for her failure to furnish a suspensive appeal bond. For the reasons assigned, we grant the Motion to Dismiss Suspensive Appeal. We accordingly dismiss the suspensive appeal and maintain the appeal as devolutive.

This cases arises out the child custody and child visitation disputes incident to the divorce of the parties. On March 13, 2006, the trial court signed a final judgment regarding child custody, child visitation and constructive contempt. The trial court found the plaintiff in contempt of court orders and ordered that she serve jail time, pay all court costs and attorneys' fees. However, the plaintiff's jail term was suspended by the trial court on two conditions. The first condition was that the plaintiff pay one-third of the amount she was ordered to pay for attorneys' fees to the defendant, with the remainder of the amount ordered in a joint interest bearing account for the benefit of the minor child of the marriage. The second condition for suspension of the plaintiff's jail term was that she take steps to facilitate a positive relationship between the defendant and their minor child. The trial court required that the plaintiff weekly document her efforts to improve that relationship.

The trial court's March 13, 2006 judgment also found the defendant in contempt of the trial court's orders relating to child custody and visitation. The defendant was ordered to pay a fine and serve jail time. However, the defendant's jail term was suspended by the trial court, on the condition that he enroll in anger management and parenting classes within fifteen days of the trial court's order.

Notice of the trial court's March 13, 2006 judgment was mailed on March 15, 2006. On April 7, 2006, the plaintiff filed a timely Motion for Appeal. The trial court granted the plaintiff "a suspensive appeal of the portion of the judgment which provides for the payment of money and the documentation of conduct". The plaintiff

was required to furnish a fifteen thousand dollar bond as security for the suspensive appeal. The trial court further granted "a devolutive appeal from the portion of the judgment that addresses custody periods and medical obligations".

The record in the appeal was lodged in this court on October 10, 2006. The plaintiff has not furnished a bond for security to date. As a result, the defendant filed a Motion to Dismiss Suspensive Appeal on October 12, 2006.

The defendant's Motion to Dismiss Suspensive Appeal avers that since the plaintiff has not posted a suspensive appeal bond, her suspensive appeal should be dismissed. La.Code Civ.P. art. 2161. In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file a suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. In the instant case, the plaintiff has not posted a suspensive appeal bond as required by La.Code Civ.P. art. 2123.

The plaintiff's opposition memorandum argues that she was unable to secure an appeal bond based upon her bankruptcy status. The plaintiff further argues that she timely filed for both a suspensive and devolutive appeal in the instant case and should be allowed to maintain this matter as a devolutive appeal.

Under a similar fact pattern, this court found in *Landry v. Hornsby,* 544 So.2d 55 (La.App. 3 Cir.1989):

> Failure to timely file a suspensive appeal bond results in the suspensive appeal being dismissed. *Whitehead v. Fireman's Fund Insurance Co.*, 520 So.2d 1324 (La.App. 3 Cir.1988). However, La.Code Civ.P. art. 2124 provides in part that, "No security is required for a devolutive appeal." Thus, even though appellant's suspensive appeal is dismissed, the appeal is sustained as devolutive. See *Whitehead*, supra.

> We accordingly dismiss the suspensive appeal and entertain the appeal as devolutive.

Therefore, we find that the suspensive appeal must be dismissed. However, we agree with the plaintiff that although the suspensive appeal should be dismissed, the

appeal should be maintained as devolutive.  *See Landry v. Hornsby*, 544 So.2d 55

(La.App. 3 Cir. 1989).  Accordingly, we dismiss the suspensive appeal and maintain

the appeal as devolutive.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.  SUSPENSIVE APPEAL DISMISSED.  APPEAL MAINTAINED AS DEVOLUTIVE.**