NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1392

JACQUELINE GRANGER AS INDEPENDENT ADMINSTRATRIX OF
THE ESTATE OF JUSTIN BOUDREAUX

VERSUS

TRI-TECH, L.L.C.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-305-07
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A.
Pickett,  Judges.

MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.
APPEAL MAINTAINED AS DEVOLUTIVE.

Kevin D. Millican
Post Office Box 1111
Jennings, LA  70546
(337) 824-8300
COUNSEL FOR PLAINTIFF/APPELLEE :
        Jacqueline Granger

**Nicholas Bellard**
**Bellard Law Offices, LLC**
**Post Office Box 70**
**Church Point, LA  70525**
**(337)684-0293**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Tri-Tech, L.L.C.**

COOKS, Judge.

The plaintiff-appellee moves to dismiss the suspensive appeal of the defendant-appellant, Tri-Tech, LLC (hereinafter "Tri-Tech"), and to convert the appeal to devolutive based on the failure of the defendant to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion.

On July 30, 2007, the trial court signed a final judgment granting the eviction of Tri-Tech. In this judgment, the trial court assessed court costs against the Tri-Tech. This judgment was filed into the record by the clerk's office on July 30, 2007, and notice of the signing of the judgment was mailed by the clerk's office on the same day.

On July 30, 2007, Tri-Tech timely filed a petition for suspensive appeal, asking for suspensive appeal to be granted from the "judgment rendered on July 12, 2007." On July 30, 2007, the trial court also signed the order granting a suspensive appeal, upon the furnishing security in the amount of $250,000.00.

On August 24, 2007, Tri-Tech filed a motion for the reduction of the suspensive bond appeal and asking that the appeal delay be suspended until such time as a ruling was entered on the motion. On August 27, 2007, the trial court ordered a rule to show cause hearing on September 18, 2007. The hearing was subsequently refixed for October 16, 2007, at which time judgment was rendered decreasing the suspensive appeal bond to $125,000.00. The judgment was signed on November 2, 2007, and notice of the signing of the judgment was mailed that same day. No time period was set forth in which to post the bond. However, the record indicates that the return date was extended from October 4, 2007, to November 5, 2007.

The record in this appeal was lodged in this court on November 5, 2007. The motion to dismiss the suspensive appeal and convert it to devolutive was filed with this court on November 19, 2007.

1

In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. This article states, in pertinent part:

A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Generally, a motion to dismiss a suspensive appeal for failure to timely file the suspensive appeal bond is itself timely only when filed no later than three days from the later of the lodging of the record in the appellate court or the return date. La.Code Civ.P. art. 2161; *Strother v. Continental Cas. Co.*, 2005-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. This court has held that "when an appellant has not filed any bond, a motion to dismiss the suspensive appeal is not untimely if filed beyond the three day time period set forth in Article 2161." *Strother*, 923 So.2d at 785. Moreover, though a suspensive appeal may be dismissed for failure to file the bond, the appeal should be maintained as devolutive. *Id. citing Landry v. Hornsby*, 544 So.2d 55 (La.App. 3 Cir. 1989).

Here, plaintiffs filed their motion to dismiss on November 19, 2007. Both the return date and date of lodging in this court were November 5, 2007. Therefore, pursuant to this court's holding in *Strother*, plaintiffs' motion to dismiss the suspensive appeal was timely filed, despite being filed after the three day time period set forth in La.Code Civ.P. art. 2161. In addition, the record reflects that defendant

2

has failed to post a suspensive appeal bond. Accordingly, we dismiss the suspensive

appeal and maintain the appeal as devolutive.


**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.