NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1548

GREGORY JAMES KLUMPP

VERSUS

SUSAN DOWS BLAKE KLUMPP

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-816
HONORABLE TED R. BROYLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.
APPEAL MAINTAINED AS DEVOLUTIVE.

Servando Caesar Garcia, III
Garcia & Bishop
618 East Rutland Street
Covington, LA 70433
(504)835-5085
COUNSEL FOR DEFENDANT/APPELLANT:
    Susan Dows Blake Klumpp

**Paul Holden Spaht**
**Kantrow, Spaht, Weaver & Blitzer**
**Post Office Box 2997**
**Baton Rouge, LA  70821**
**(225) 383-4703**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gregory James Klumpp**

**Michael Keith Prudhomme**
**Lundy & Davis**
**Post Office Box 3010**
**Lake Charles, LA  70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gregory James Klumpp**

**Kathleen Kay**
**Attorney at Law**
**Post Office Box 2042**
**Lake Charles, LA  70602**
**(337) 439-7616**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gregory James Klumpp**

**John Green**
**Attorney at Law**
**1135 Hodges Street**
**Lake Charles, LA  70601**
**(337) 474-3620**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Carl Easton Singletary, Jr.**

**Walter M. Sanchez**
**Post Office Drawer 3305**
**Lake Charles, LA  70602**
**(337) 436-8401**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gregory James Klumpp**

EZELL, Judge.

The plaintiff-appellee, Gregory James Klumpp, moves to dismiss the suspensive appeal of the defendant-appellant, Susan Dows Blake Klumpp Montgomery (hereinafter "defendant"), and to convert the appeal to devolutive based on the failure of the defendant to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion.

On December 15, 2006, the trial court signed a final judgment partitioning the community of Gregory James Klumpp (hereinafter "Klumpp") and defendant. In this judgment, the trial court granted judgment in favor of Klumpp in the amount of $292,202.56. The notice of the signing of the judgment was mailed by the clerk's office on December 28, 2005. On December 30, 2005, defendant filed a motion for new trial. Notice of the denial of the motion for new trial was mailed on February 3, 2006.

On February 15, 2006, defendant timely filed a motion for suspensive appeal. On March 7, 2006, the trial court signed the order granting a suspensive appeal and setting the suspensive bond in the amount of the money judgment against defendant. On March 13, 2006, defendant posted security in the form of a business check. This court previously held, in an unpublished appeal bearing this court's docket number 06-1141, that the order granting the suspensive appeal was null because the trial judge signed the order after recusing himself. This court remanded the case and ordered that an order for suspensive appeal be signed by a judge with jurisdiction.

The Louisiana Supreme Court appointed an ad hoc judge on February 26, 2007. On April 10, 2007, defendant filed a second motion and order for suspensive appeal. The trial court signed the order on April 19, 2007. Notice of the signing of the new order and the new bond amount was mailed on May 8, 2007. On May 23, a second check was filed with the trial court as security.

1

On August 22, 2007, Klumpp filed a motion to convert the suspensive appeal to devolutive. On October 23, 2007, the trial court issued written reasons for denying the motion to convert. The trial court also held that the check was invalid as a suspensive appeal bond and ordered defendant to furnish a new bond in accordance with La.Code Civ.P. arts. 2124 and 5124. On October 31, 2007, judgment denying the motion to convert was signed, and Klumpp filed a notice of intent to apply for supervisory writs. The record in this appeal was lodged in this court on December 10, 2007. The motion to dismiss the suspensive appeal and convert it to devolutive was filed with this court on December 13, 2007.

In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. This article states, in pertinent part:

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Generally, a motion to dismiss a suspensive appeal for failure to timely file the suspensive appeal bond is itself timely when filed no later than three days from the later of the lodging of the record in the appellate court or the return date. La.Code Civ.P. art. 2161; *Strother v. Continental Cas. Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. Although a suspensive appeal may be dismissed for failure to timely file the bond, the appeal should be maintained as devolutive. *Id.* (*citing Landry v. Hornsby*, 544 So.2d 55 (La.App. 3 Cir. 1989)).

2

In the judgment partitioning the community property, all amounts owed to both parties were calculated into what the trial court labeled as a money judgment in the amount of $292,202.56. The bond amount subsequently established was for the same amount. Louisiana Code of Civil Procedure Article 2124(B)(1) provides, that "When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs." Louisiana Code of Civil Procedure Article 2123 clearly sets forth that the suspensive appeal bond must be filed within the applicable thirty-day time period. Because the judgment rendered was for a sum of money, to perfect the suspensive appeal, defendant must have filed the suspensive appeal in the amount of the judgment within the thirty-day time delay.

Here, the notice of the denial of the motion for new trial was mailed on February 3, 2006. Therefore, suspensive appeal delays ran on March 6, 2007. The attempted suspensive bond was received by the trial court on March 13, 2006. Because the first bond was not timely, the second bond cannot relate back to a timely date. *See Nat'l Union Fire v. Harrington*, 02-192 (La.App. 3 Cir. 3/6/02), 810 So.2d 1279. Accordingly, we dismiss the suspensive appeal and maintain the appeal as devolutive.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.