NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1519

TROY AND CYNTHIA DAVIS

VERSUS

WILLIS PROVOST, ET AL.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 106638-E
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

************

PER CURIAM

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

MOTION TO DISMISS THE APPEAL DENIED.

Edmond Dwayne Jordan
Attorney at Law
Post Office Box 490
Brusly, LA 70718
(225) 749-4400
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Troy Davis and Cynthia Davis

**Kristi D. Husher**
**Attorney at Law**
**1405 West Pinhook Road, Suite 105**
**Lafayette, LA  70503**
**(337) 234-0099**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Paul Willis Provost, Sr.**
    **Mary Linda Zenon Provost**
    **Gerald James Sonnier**

PER CURIAM.

The defendant-appellee, Gerald Sonnier, moves to dismiss the appeal of the plaintiffs-appellants, Troy and Cynthia Davis, based on the appeal not having been timely perfected and the failure of plaintiffs-appellants to timely pay costs. For the reasons set forth below, we deny the motion.

On May 14, 2007, appellants filed a motion for suspensive appeal. The trial court signed the order granting a suspensive appeal on May 22, 2007. However, the judgment was not signed by the trial court until June 5, 2007.

Appellants paid costs on October 9, 2007. On October 9, 2007, the trial court ordered appellants to file an order for suspensive appeal and a security bond in the amount of $18,000.00 within five days. Appellants posted the bond on October 29, 2007, and appellants filed the order for suspensive appeal on October 30, 2007. The record in this case was lodged on November 30, 2007. Appellee filed the motion to dismiss the appeal on January 23, 2008.

Louisiana Code of Civil Procedure Article 1911 provides, in pertinent part, that: "Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2038, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled." Therefore, a motion for appeal filed prior to the entering of judgment is premature and subject to dismissal until the final judgment is signed. However, that prematurity is cured by the signing of the judgment. *See Overmier v. Traylor*, 475 So.2d 1094 (La.1985).

Appellee first contends that appellants failed to timely perfect the instant appeal. Here, although appellants filed their motion for appeal before the final judgment was signed, a final judgment was entered prior to the lodging of the appeal in this court. Thus, the prematurity of the motion for appeal was cured on June 5,

1

2007, when the final judgment was signed. Therefore, the instant appeal was timely perfected.

In addition, appellee argues that the appeal should be dismissed for failure to timely pay costs and file the suspensive appeal bond. The costs were paid, and the appeal bond was filed prior to the lodging of the appeal. A motion to dismiss an appeal for failure to timely file the suspensive appeal bond must be filed no later than three days from the lodging of the record in the appellate court or the return date, whichever is later. La.Code Civ.P. art. 2161; *Strother v. Continental Cas. Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. The appeal was lodged on November 30, 2007; however, appellee did not file his motion to dismiss until January 23, 2007. Thus, appellee's motion to dismiss on this ground was not timely filed.

Accordingly, for these reasons, we deny the motion to dismiss the appeal.

**MOTION TO DISMISS THE APPEAL DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION**.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.