**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**CM 08-1022**

**RICHARD BENTLEY**

**VERSUS**

**BOBBY FANGUY**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 69461
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**CHRIS J. ROY, SR.\***
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Chris J. Roy, Sr., Judges.

**MOTION TO STRIKE APPELLANT'S OPPOSITION BRIEF GRANTED.**
**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

**Stephen Gary McGoffin**
**Ryan M. Goudelocke**
**Durio, McGoffin, Stagg**
**Post Office Box 53485**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bobby Fanguy**

_____

\*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Ed W. Bankston**
**Attorney at Law**
**Post Office Box 53485**
**Lafayette, LA  70505**
**(337) 237-4223**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Richard C. Bentley**

ROY, Judge.

The defendant-appellee, Bobby Fanguy, moves to dismiss the suspensive appeal of the plaintiff-appellant, Richard C. Bentley, based on the failure of the plaintiff to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion to dismiss the suspensive appeal, but we maintain the appeal as devolutive.

On November 20, 2007, the trial court entered written judgment granting defendant's motion for sanctions and ordered plaintiff to pay $4,882.03 in attorney's fees and court costs. Notice of the signing of judgment was sent on December 4, 2007. Plaintiff filed a notice of suspensive appeal on December 6, 2007, and the trial court signed the order granting the appeal on January 30, 2008. No bond amount or return date was set. Defendant filed a motion to dismiss plaintiff's suspensive appeal on August 12, 2008. The appeal was lodged with this court on August 21, 2008.

In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. This article states, in pertinent part:

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Louisiana Code of Civil Procedure Article 2124(B)(1) provides, "When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date

1

the security is furnished, exclusive of the costs." Louisiana Code of Civil Procedure Article 2123 clearly sets forth that the suspensive appeal bond must be filed within the applicable thirty-day time period. Because the judgment rendered was for a sum of money, to perfect the suspensive appeal, defendant must have filed the suspensive appeal in the amount of the judgment within the thirty-day time delay.

Here, suspensive appeal delays ran on January 14, 2008. The record in this appeal is devoid of any evidence that an appeal bond was timely filed. Although a suspensive appeal may be dismissed for failure to timely file the bond, the appeal should be maintained as devolutive. *Id.* (*citing Landry v. Hornsby*, 544 So.2d 55 (La.App. 3 Cir. 1989)). Accordingly, we dismiss the suspensive appeal and maintain the appeal as devolutive.

Additionally, the defendant filed a motion to strike the appellant's opposition brief as having been untimely filed. Uniform Rules — Courts of Appeal, Rule 2 – 8.1 provides, in pertinent part, "the opponent may file an opposition brief within 7 days of the filing of the motion." Here, the motion to dismiss the appeal was filed with this court on August 14, 2008. Plaintiff's opposition was filed on September 5, 2008. However, the time delay within which to file an opposition expired on August 21, 2008. Therefore, we find that the opposition brief was untimely filed. Accordingly, we grant the defendant's motion to strike the plaintiff's opposition brief.

**MOTION TO DISMISS APPELLANT'S OPPOSITION BRIEF GRANTED.**
**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.