NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 09-822
consolidated with
CA 09-1509

RICHARD BENTLEY

VERSUS

BOBBY FANGUY

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 69461
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

SUSPENSIVE APPEAL DISMISSED.
APPEAL MAINTAINED AS DEVOLUTIVE.
PLAINTIFF'S REQUEST FOR SANCTIONS DENIED.

Stephen Gary McGoffin
Ryan M. Goudelocke
Durio, McGoffin, Stagg
Post Office Box 53485
Lafayette, LA 70505
(337) 233-0300
COUNSEL FOR DEFENDANT/APPELLEE:
    Bobby Fanguy

**Ed W. Bankston**
**Attorney at Law**
**Post Office Box 53485**
**Lafayette, LA  70505**
**(337) 237-4223**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Richard C. Bentley**

PETERS, J.

The defendant-appellee, Bobby Fanguy, moves to dismiss the suspensive appeal of the plaintiff-appellant, Richard C. Bentley, based on the failure of the plaintiff to post a timely suspensive appeal bond. For the reasons assigned, we grant the motion to dismiss the suspensive appeal, but we maintain the appeal as devolutive.

On February 3, 2009, the trial court entered a final written judgment on damages. Notice of the signing of judgment was sent on February 19, 2009. The plaintiff filed a notice of suspensive appeal on February 27, 2009, and the trial court signed a subsequent order granting the appeal on March 9, 2009. The plaintiff's bond was set in the amount of $159,488.51. The defendant filed a motion to dismiss the plaintiff's suspensive appeal on July 13, 2009. The appeal was lodged with this court on December 16, 2009.

In order to perfect a suspensive appeal, an appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. This article states, in pertinent part:

> A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Louisiana Code of Civil Procedure Article 2124(B)(1) provides the "[w]hen the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date

the security is furnished, exclusive of the costs." Louisiana Code of Civil Procedure Article 2123 clearly sets forth that the suspensive appeal bond must be filed within the applicable thirty-day time period. Because the judgment rendered was for a sum of money, to perfect the suspensive appeal, the plaintiff was required to post the suspensive appeal bond in the amount of the judgment within the thirty-day time delay.

Here, suspensive appeal delays ran on April 2, 2009. The plaintiff untimely filed his suspensive appeal bond on April 13, 2009. Although a suspensive appeal may be dismissed for failure to timely file the bond, the appeal should be maintained as devolutive. *Strother v. Continental Cas. Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. Accordingly, we dismiss the suspensive appeal and maintain the appeal as devolutive. In addition, the plaintiff requests that sanctions be awarded against the defendant for allegedly filing a frivolous motion to dismiss. Having found merit to a portion of the motion to dismiss, we deny the request for sanctions.

**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**
**PLAINTIFF'S REQUEST FOR SANCTIONS DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.