NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-212

KELLY DOUCET, ET AL.

VERSUS

HORNET SERVICE COMPANY, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-107-14
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

VAN H. KYZAR

JUDGE

**********

Court composed of John D. Saunders, John E. Conery and Van H. Kyzar, Judges.

MOTION TO DISMISS APPEAL DENIED.

Kenneth Alfred Doggett
Attorney at Law
Post Office Box 13498
Alexandria, LA 71315-3498
(318) 487-4251
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Kelly Doucet
    Brittany LaCombe

**Rachel Deckelmann**
**Daniel & Associates, LLC**
**7941 Katy Freeway #791**
**Houston, TX 77024**
**(713) 589-3539**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Michael Ceasar**

**Michael J. Remondet, Jr.**
**Jeansonne & Remondet**
**Post Office Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Colony Insurance Company**
    **Kenneth DeMary**
    **Hornet Service Company**

**KYZAR, Judge.**

Defendants/Appellees, Hornet Service Company, Kenneth Demary, and Colony Insurance Company, move to dismiss the appeal of Plaintiff/Appellant, Michael Ceasar. For the reasons assigned, we deny the motion to dismiss the appeal.

Plaintiffs, Kelly Doucet, Michael Ceasar, and Brittany Lacombe, filed suit seeking recovery for damages allegedly sustained as a result of a vehicular collision. At the time of filing suit, the trial court granted an order permitting all three plaintiffs to file suit in *forma pauperis*. Following a bifurcated jury trial, the jury found that neither driver was negligent; therefore, the jury awarded Mr. Ceasar no damages. The trial court found the two drivers equally at fault in causing the accident. However, he found the testimony of the other two plaintiffs lacking credibility and found that neither of these plaintiffs sustained any damage as a result of this accident.

Thus, Ms. Doucet and Ms. Lacombe, through their attorney of record, filed a motion and order for a devolutive appeal, which order the trial court granted on October 26, 2018. Mr. Ceasar, who is currently being represented by different counsel than the other two plaintiffs in this action, filed a pleading captioned Notice of Appeal, which bears a date stamp of the district court indicating that its filing into the record was accomplished on November 7, 2018. In this pleading, Mr. Ceasar prayed for the trial court to enter an order granting him a suspensive appeal from the final judgment in this suit. The trial court signed the order granting the suspensive appeal on November 7, 2018.

However, also appearing in the appellate record is a pleading entitled Objection to Suspensive Appeal and Motion to Traverse Pauper Status with Request for Expedited Consideration filed on behalf of the defendants. The request for expedited consideration was based on their assertion that the time delay for seeking a suspensive appeal was fast approaching, and they asked that the trial court decide whether Mr.

Ceasar should be permitted to continue appearing in *forma pauperis* prior to the expiration of the suspensive appeal delays.

The trial court conducted a hearing on the motion to traverse Mr. Ceasar's pauper status on November 7, 2018. At the conclusion of the hearing, the trial court ruled that Mr. Ceasar's pauper status was revoked. The suspensive appeal bond amount was set at $60,000.00.

The record in this appeal was lodged in this court on March 19, 2019. This court identified all three plaintiffs as appellants in this appeal.

On April 16, 2019, this court lodged the Motion of Appellees to Dismiss Appeal as to Purported Appellant, Michael Ceasar, in which Appellees assert that Mr. Ceasar's motion for devolutive appeal "has not yet made its way to this Court due to unresolved issues regarding appellate costs." Therefore, Appellees ask that this court issue an order dismissing Mr. Ceasar's appeal without prejudice.

"An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." La.Code Civ.P. art. 2121. The record in the instant appeal reveals that the trial court signed the order granting Mr. Ceasar a suspensive appeal on November 7, 2018. Therefore, pursuant to the clear, explicit words of Article 2121, Mr. Ceasar has been granted an appeal.

Louisiana Code of Civil Procedure Article 5185(A)(4) provides, in pertinent part, "When an order of court permits a party to litigate without the payment of costs until this order is rescinded, he is entitled to: (4) The right to a devolutive appeal". Additionally, once the trial court signs the order of appeal, the trial court retains jurisdiction over only a limited number of matters, as provided in La.Code Civ.P. art. 2088. This statute states:

> A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial

court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

(1) Allow the taking of a deposition, as provided in Article 1433;

(2) Extend the return day of the appeal, as provided in Article 2125;

(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;

(6) Grant an appeal to another party;

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) **Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal;** or

(10) Set and tax costs and expert witness fees.

**B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.**

(Emphasis added.)

In the motion seeking the dismissal of Mr. Ceasar's appeal, Appellees do not ask that this court dismiss the appeal for Mr. Ceasar's failure to pay the costs for the preparation of the record timely, nor do Appellees ask for Mr. Ceasar's appeal to be dismissed based on his failure to post any suspensive appeal bond. Instead, Appellees seek the dismissal of the appeal based on the argument that the trial court has not signed an order granting Mr. Ceasar a devolutive appeal.

3

An appellate court can dismiss a suspensive appeal based on various grounds, including a failure to post any suspensive appeal bond. *See Strother v. Continental Cas. Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. However, even if the appellate court dismisses the suspensive appeal for the appellant's failure to post any suspensive appeal bond, the court will maintain the appeal as devolutive if the motion for appeal was filed within the delays for seeking a devolutive appeal. *Id.* In the instant case, as set forth above, the trial court signed an order granting Mr. Ceasar a suspensive appeal. Even if Mr. Ceasar is not entitled to a suspensive appeal as a pauper pursuant to La.Code Civ.P. art. 5185(A)(4), he is entitled to seek a suspensive appeal if he complies with the rules for seeking a suspensive appeal. As is also stated above, Appellees have not sought to have Mr. Ceasar's appeal dismissed for his failure to post any bond or his failure to pay costs for the preparation of the record timely. We note, however, that even if Mr. Ceasar has failed to perfect a timely suspensive appeal, the motion for appeal was timely filed for seeking a devolutive appeal. The order granting Mr. Ceasar an appeal has not been rescinded. Therefore, we find it immaterial whether the trial court has signed another order granting Mr. Ceasar a devolutive appeal, as Mr. Ceasar's appeal currently is procedurally present in this court. Accordingly, we deny Appellees' motion seeking the dismissal of Mr. Ceasar's appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

4