NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-324

OBEY FINANCIAL GROUP, INC.

VERSUS

TORIA B. KING

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 266,607
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Jonathan W. Perry, Judges.

SUSPENSIVE APPEAL DISMISSED;
APPEAL MAINTAINED AS DEVOLTIVE.

**Richard Alan Rozanski**
**Richard A. Rozanski, A.P.L.C.**
**Post Office Box 13199**
**Alexandria, La 71315-3199**
**(318) 445-5600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Obey Financial Group, Inc.**

**Charles E. Brumfield, Jr.**
**Post Office Box 2848**
**Hammond, LA 70404**
**(985) 400-2185**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Toria B. King**

**EZELL, Judge.**

Appellee-Plaintiff, Obey Financial Group, Inc. (Obey), filed a Motion to Dismiss Suspensive Appeal granted to Appellant-Defendant, Toria B. King (Ms. King), due to Ms. King's failure to post bond. For the reasons discussed herein, we grant Obey's motion to dismiss the suspensive appeal and maintain the appeal as a devolutive appeal.

The instant case arises from a Petition for Money Judgment filed by Obey against Ms. King. On January 3, 2019, Ms. King executed a promissory note in the amount of $53,451.93 with a security interest on property she owned. When Ms. King defaulted on repaying the installments due on the note, Obey commenced the instant litigation. Ms. King filed an Answer and Counterclaim.

Obey, as Plaintiff and as Defendant-in-Reconvention, filed two motions for summary judgment. Obey also filed an Ex Parte Motion to Strike Defendant's Memorandum in Opposition to Summary Judgments. All three motions were taken up on July 13, 2020, and all three motions were granted. Written judgments were signed by the trial court on July 28, 2020. Counsel for Ms. King was served Notice and Certificate of Signing on Judgment on November 2, 2020. Ms. King filed a Motion and Order for Appeal on November 13, 2020. The trial court signed the motion on November 20, 2020, designating the appeal as a suspensive appeal. The trial court, however, did not set a bond.

In the trial court, Obey filed a Motion to Dismiss Suspensive Appeal on December 23, 2020, asserting that the appeal was not in accordance with the law. The motion was set for hearing on February 8, 2021. At the hearing, the trial court requested that counsel for Obey submit an amount sufficient for the suspensive appeal bond to be set, and the motion to dismiss was not taken up. Obey submitted

a proposed Order to set the Suspensive Appeal Bond which was signed by the trial court on February 9, 2021. The Order set the Suspensive Appeal Bond at $78,090.93, and Ms. King was ordered to post same in the registry of the court within fifteen calendar days from the signing of the Order.

Obey asserts that the deadline for Ms. King to post the bond with the trial court was February 24, 2021, and that Ms. King failed to post the bond by the deadline. Meanwhile, Obey filed a Motion to Withdraw Motion to Dismiss Suspensive Appeal on May 19, 2021, in the trial court, which was granted on May 20, 2021.

The appeal record was received in this court and subsequently lodged on May 26, 2021. On June 7, 2021, Obey filed the instant Motion to Dismiss Suspensive Appeal, asserting that Ms. King's suspensive appeal is not in accordance with law. Obey asserts that pursuant to La.Code Civ.P. art. 2124(B)(1), "[w]hen the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including interest allowed by the judgment to the date the security is furnished, exclusive of the costs." Obey also cites La.Code Civ.P. art. 2161, which reads:

> An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

2

Obey asserts that as of the date of this motion, Ms. King has failed to post security. For the foregoing reasons, Obey requests that this court dismiss Ms. King's suspensive appeal.

In opposition to Obey's motion, counsel for Ms. King indicates that he was unable to attend the hearing setting an appeal bond due to his hospitalization with Covid-19. Once he was released from the hospital, he filed a motion to extend the date. According to Ms. King's counsel, the motion was signed by the trial court but due to delays in the mailing system, counsel did not receive the document until after the delay had passed.

Ms. King asserts that since the elimination of the requirement of a bond for devolutive appeals, the courts have consistently held that this defect is not jurisdictional. *See Willet v. Premier Bank, Nat'l Ass'n,* 97-187 (La.App. 3 Cir. 3/24/97), 693 So.2d 2. Ms. King urges that the motion for appeal has been timely filed in the instant case, and although no bond has been posted, the appeal should be converted to a devolutive appeal.

As the delay for posting a bond for suspensive appeal has expired and the record reflects that appellant, Toria B. King, has failed to post a suspensive appeal bond, the motion to dismiss the suspensive appeal is granted. *See Strother v. Cont'l Cus.Co.*, 05-1094 (La.App. 3 Cir. 2/8/06), 923 So.2d 783. The suspensive appeal filed is dismissed, and the appeal is maintained as a devolutive appeal.

**SUSPENSIVE APPEAL DISMISSED;**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.